IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**GABRIEL CRUZ ROJAS,** *et al.*,

   Plaintiffs,

v.                                             Civil No. 13-1578 (BJM)

**GMD AIRLINES SERVICES, INC.,** *et al.*,

   Defendants.

## ORDER

Plaintiffs Gabriel Cruz Rojas ("Cruz"), Janisse Merced Rosa, and the conjugal partnership constituted by them bring this action alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Puerto Rico laws. Docket No. 1. Defendants (collectively, "GMD") move for summary judgment, and Cruz opposes. Docket Nos. 39, 43. Before the court is GMD's motion to strike three pieces of evidence attached to Cruz's opposition to the motion for summary judgment. Docket No. 56.

By way of background, Cruz claims employment discrimination by his employer, GMD, on account of his religious beliefs. Cruz returned from vacation leave on August 17, 2012 and learned that he was scheduled for an evening shift the following Sunday. Cruz is a member of the "Iglesia Pentecostal de Dios Restaurando el Alma y el Corazón." He requested time off to attend evening service that Sunday, and on September 4, 2012 submitted a written request for religious accommodation for all Sundays. Cruz claims that he became the victim of a hostile, discriminatory, and retaliatory work environment after his first request for religious accommodation, ultimately forcing him to resign from his position on December 28, 2012.

GMD moves to strike three exhibits. First, GMD argues that Cruz's statement is inadmissible because it is a "sham affidavit" that contradicts his testimony at deposition. Second, GMD claims that Jonathan Ruiz's statement is inadmissible because the full extent of his knowledge was not initially disclosed as required by Rule 26(a), nor supplemented as required by Rule 26(e). Third, GMD claims that an Equal Employment Opportunity Commission ("EEOC")

Letter of Determination is inadmissible because it has no binding authority on this court and its proceedings were defective.

### *Cruz's Statement*

When a statement offered at summary judgment "contradicts clear answers to unambiguous questions at deposition and does not explain the change in testimony," the contradictory statement may be disregarded. *Colantuoni v. Alfred Calcagni & Sons, Inc.,* 44 F.3d 1, 4–5 (1st Cir. 1994).

Plaintiffs attach an unsworn statement from Cruz *(Exhibit 24 of the Opposition)* in their opposition to the motion for summary judgment. Docket No. 43. GMD contends that paragraphs 2, 8, and 12 contradict Cruz's deposition. Those paragraphs attest as follows:

> 2. That during the meeting I was not asking him to have all Sundays free of work. I was requesting that on that next Sunday to leave me in the morning shift.
> …
> 8. That I was willing to work on Sunday August 19th, 2012 in the morning as usual.
> …
> 12. That even when I requested for a religious accommodation that even though I requested to have Sunday's [sic] completely off, I was willing to work in the mornings if I were given the shift of the afternoon off so I would be able to go to service. But no one in GMD offered me that option.

The cited excerpt of this deposition (*Exhibit I, Cruz 145 (25), 146 (1-4))* reads:

> Q: If we go to the document, which was the religious accommodation you were asking for?
> A: Here I asked that I was exempted on Sundays.
> Q: To be exempted?
> A: Exactly, to be free on Sundays.

There are two incidents of requested accommodation in this case: an oral request was made on August 17, 2012, and a written request was made on September 4, 2012. The cited excerpt of the deposition references the September 4 written request.

Paragraphs 2 and 8 both refer to the oral request of August 17, 2012. The oral request is not mentioned in the cited portion of the deposition and therefore references to this request in the statement do not contradict the deposition.

Paragraph 12 of the statement refers to the written request on September 4, 2012, but there

Gabriel Cruz Rojas, *et al.*, v. GMD Airline Services, Inc., et al., Civil No. 13-1578 (BJM)                                                                 3

is still no contradiction with the cited portion of the deposition. In the deposition, Cruz states that he asked to be exempted on Sundays. In the statement, Cruz does not deny that this was his request but qualifies it: he claims that although he asked for all Sundays off, he was willing to work in the mornings. This state of mind qualification in the statement does not contradict the request he described in his deposition.

In *Capozza Tile Co. v. Joy*, the deponent responded, "Yes, sir," when asked if he had signed a union agreement. This did not preclude admissibility of a statement where he claimed he did not know he was signing a collective bargaining agreement covering all of his employees. 223 F. Supp. 2d 307, 318 (D. Me. 2002). Here, Cruz's state of mind is also at issue since even though he requested all Sundays off, he subjectively may have been willing to work Sunday mornings.

***Ruiz's Statement***

GMD next requests that Ruiz's statement be disregarded for two reasons. First, the initial disclosure Cruz made about Ruiz's knowledge was incomplete and not supplemented according to Rule 26(e). Second, the statement was not disclosed during discovery, even though all statements were requested through discovery proceedings.

Rules 26(a)(1)(A) provides, in pertinent part: "a party must…provide to the other parties: the name…of each individual likely to have discoverable information - along with the subjects of that information." Fed. R. Civ. P. 26(a). Rule 26(e) provides, in pertinent part, a party who has made a disclosure under Rule 26(a) "must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e).

Rule 37(c) states:"[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

To determine whether a failure to disclose is "substantially justified" or "harmless," courts

Gabriel Cruz Rojas, *et al.*, v. GMD Airline Services, Inc., et al., Civil No. 13-1578 (BJM)                                    4

should consider (1) the importance of the material; (2) the explanation offered for the failure to disclose the material; (3) the potential prejudice that would flow from allowing the material to be used; and (4) the availability of a continuance to minimize the prejudice. *Mee Industries v. Dow Chemical Co.,* 608 F.3d 1202 (11th Cir. 2010); *Transclean Corp. v. Bridgewood Servs., Inc.,* 101 F.Supp.2d 788, 795–96 (D.Minn.2000); Handbk. Fed. Civ. Disc. & Disclosure § 12:12 (3d ed.). If there is a justification, or if there is a sufficiently long time between the "failed disclosure" and trial, "the failure to disclose does not necessitate exclusion of the evidence." Fed. R. Civ. P. 37(c); *Samos Imex Corp. v. Nextel Commc'ns, Inc.,* 194 F.3d 301, 305 (1st Cir. 1999).

GMD claims that Cruz failed to supplement his initial disclosure governed by Rule 26(a)(1). Cruz disclosed that Jonathan Ruiz was likely to have information related to the August 17, 2012 meeting but the post-discovery statement addresses a wider range of activities. GMD cites Rule 26(e) to claim that a party that learns of an incorrect or incomplete disclosure is required to supplement the disclosure.

Importantly, supplementation is only required if the additional information has not otherwise been disclosed during the discovery process. Fed. R. Civ. P. 26(e)(1)(A). This information was made available on December 9, 2014, when Cruz was deposed. In his deposition, he described the close proximity of the work relationship between Cruz and Ruiz, and Ruiz's involvement in situations beyond the August 17 meeting. *Exhibit I, Cruz 85 (1-11), 20 (6-16), 199 (1-20); Exhibit II, Cruz 144 (1-11)*. GMD moved for summary judgment on February 26, 2015 and had ample time to approach Ruiz and obtain information. This is distinguishable from the not-so-harmless scenario where plaintiff failed to disclose four witnesses to the defendant until two hours before the discovery deadline. *Cruz v. Bristol Myers Squibb Co. PR*, 777 F. Supp. 2d 321, 328-29 (D.P.R. 2011) *aff'd sub nom. Cruz v. Bristol-Myers Squibb Co., PR*, 699 F.3d 563 (1st Cir. 2012). In short, any failure to supplement was harmless, even assuming a duty to supplement arose.

### *The EEOC Letter of Determination*

Finally, GMD contests admissibility of the EEOC's letter of determination. GMD argues

Gabriel Cruz Rojas, *et al.*, v. GMD Airline Services, Inc., et al., Civil No. 13-1578 (BJM)                                                                 5

that EEOC letters are not binding upon the courts and that the EEOC administrative proceedings were defective. It is up to the discretion of the trial court whether to admit EEOC findings. *Smith v. Massachusetts Inst. of Tech.*, 877 F.2d 1106, 1113 (1st Cir. 1989).

Federal Rule of Evidence 403 provides: "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

In *L'Etoile v. New England Finish Sys., Inc.,* an EEOC finding was declared inadmissible evidence. 575 F. Supp. 2d 331, 334 (D.N.H. 2008). The parties contested the investigative methods of the EEOC finding in their briefs which, if played out in court, would have caused undue delay in excess of the evidence's probative value. *Id*.

Cruz requests the EEOC letter be admitted for its two-sentence summary of a "wait for call" note found in Cruz's work schedule. GMD does not deny in its statement of facts that Cruz was assigned a "work for call" schedule. GMD and Cruz disagree on the meaning of this schedule as an accommodation or a punishment but the EEOC letter does not shed any light on this dispute. The probative value of the EEOC determination here is outweighed by its needless presentation of cumulative evidence and the undue delay its admission will cause. *Id*; Fed. R. Evid. 403. GMD's motion to exclude the EEOC letter is therefore **granted**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of June, 2015.

                                                                               **S/Bruce J. McGiverin**
                                                                               BRUCE J. MCGIVERIN
                                                                               United States Magistrate Judge